as to create the belief in the mind of the prosecutor, that he intended to ride upon or strike him, he would be guilty of an assault."

This conviction was sustained.

Am. Crim. Law (Wharton), sec. 1155: "When the prisoner decoyed a female child into a building for the purpose of ravishing her, and was there detected while standing within a few feet of her in a state of indecent exposure, it was held, that although there was no evidence of his having actually touched her, he was properly convicted of an assault with intent to ravish."

The judgment of this Court should be that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE GARY *concurs*.

---

8316

BANKS v. COUNTY COMMISSIONERS OF EDGEFIELD.

DISPENSARY CONSTABLE.—A WRIT OF MANDAMUS should not be issued to require the county commissioners of a dry county to issue their warrant for an itemized and sworn statement of the per diem and expenses of a dispensary constable appointed by the governor under the act of 1907, not approved by the governor, and not passed on by the county commissioners, they having notified claimant they would investigate it at his convenience.

Before DEVORE, J., Edgefield, September term, 1911. Affirmed.

Petition by Matthew Banks for writ of mandamus against County Commissioners and County Treasurer of Edgefield County.

The Circuit decree is:

"This is an application for mandamus, heard by me, to require the respondents, the county commissioners, to issue their warrant for one hundred and eighty-two ($182) dollars, the amount claimed to be due petitioner for services rendered by him as dispensary detective and to require the county treasurer, James T. Mims, to pay the same out of the ordinary county funds.

"The substance of the petition and the whole record I have before me is that on the 28th of February, 1911, Banks, the petitioner, was appointed by the governor a detective of South Carolina, under the Cary-Cothran act of 1907 : That he qualified and entered upon his duties thereunder : That his commission fixed his salary at two dollars per day and actual traveling expenses when away from his headquarters all to be paid out of the ordinary county funds in those counties where there is no dispensary. That there is no dispensary in this county. Under the terms of his commission he must file an itemized account of his expenses sworn to with the chairman of the board of county commissioners and be paid as provided by said act. The said petitioner was sent by the governor to render services in and to the above county on March 1, 1911. That he filed his account for the month of April, 1911, for services and traveling expenses. That said account was passed upon by said board and they refused to pay same, from which judgment or refusal an appeal was taken and is now pending, then he filed his itemized statement and account for the month of May, 1911, and the board duly notified him or his attorneys that they would pass upon it after hearing evidence as to its correctness, and would give him notice of the hearing, that he might be present and offer evidence in support of same or to do whatever in his judgment he might deem proper. That no hearing has ever been had on said claim and account and same is still pending and that the board is now and has been ready and willing to have and grant the hearing whenever it suited the petitioner to have same. Very much

has been injected in this proceeding which has no bearing upon the question involved, which is, will a mandamus issue for the purpose prayed in the petition upon the facts stated above, either for the payment of petitioner's salary per diem of two dollars or his traveling expenses for services rendered the above county out of the ordinary county funds?

"There can be no doubt as to the right and power of the governor to make the appointment and this right cannot be questioned in so far as the necessity for such appointment is concerned, in other words whenever the governor makes such appointment the necessity conclusively exists, and no one has the right to question or to inquire into the *necessity for it.*

"But the act of 1907, and under which the appointment was made, does not fix any salary or per diem or other pay for a detective appointed by the governor, and I know of no law or authority allowing the governor to fix the same as was done in the commission issued to the petitioner herein by him, unless it be the act of 1903, section 1, which reads: 'The chief State constable with the advice of the governor, may appoint, one or more State constables at a salary of not more than two dollars per day and such expenses as the chief State constable may deem proper when on duty, and also one or more detectives at reasonable compensation. All accounts for per diem and expenses allowed by the chief State constable *shall be approved by the governor before payment.'* The act of 1907, section 47, repeals all acts and parts of acts inconsistent therewith: In my opinion section 1 of act of 1903 is repealed by the act of 1907. But suppose it is not, the act of 1903 certainly makes it the duty of the chief State constable to pass upon the accounts and per diem for all those appointed by him with the advice of the governor, and even after he had so passed upon them they could not be paid until approved by the governor. Who is to pass upon these kind of claims now? Either they must be approved by the governor before payment or the county

board must pass upon them. The record does not show that petitioner's claim was ever approved by the governor. This of itself is sufficient to base a refusal of the writ upon.

"But again the petitioner elected to submit his claim itemized and sworn to the board of commissioners a *quasi* court and they passed upon it and rendered judgment adversely to him and he appealed therefrom, which appeal is still pending. This is sufficient upon which to base a refusal of writ of mandamus.

"Then again the board of county commissioners have under the law the control and disbursement of the ordinary county fund and are liable and accountable to the people of the county for properly disbursing and paying out same, and it seems to me they have a perfect right to investigate the claim of any person including such claim as petitioner sets out for services and traveling expenses rendered the county in order to ascertain whether or not said services have been rendered and the claim and expenses a just and true one before paying same. It was certainly contemplated and in fact so stated in the act of 1903, that no claim of this kind should be paid until investigated by chief State constable and approved by the Governor. If that act is not repealed, the petitioner has not complied with it.

"If it is repealed then why submit an itemized sworn account to board of county commissioners unless for the purpose of having them pass upon it? In my judgment the board would be guilty of a breach of duty did it fail to investigate and pass upon an account and claim like the one involved here, before paying it, and especially so when said account had not been approved by the Governor.

"For the reasons herein stated, it is ordered that the application for the writ of mandamus be and the same is hereby refused and the petition herein be and the same is hereby dismissed."

Petitioner appeals.

*Messrs. S. McG. Simkins* and *P. B. Mason,* for appellant, cite: *The Governor has the authority to fix salary of constables:* 86 S. C. 506; 89 S. C. 492; 27 L. R. A. 47; 1 Ala. 561; 113 Ind. 434; 7 S. C. 375; 129 N. W. 44; 13 S. C. 262. *What is a ministerial duty?* 30 S. C. 581; 7 S. C. 375; 19 Ency. 478. *This is not a county claim to be passed on by the board:* 24 S. C. 546; 40 S. C. 274; Code 1902, 767, 791, 798, 806. *Another adequate or sufficient remedy:* 28 L. R. A. 247; 76 A. 922; 111 P. 76; 19 Ency. 745, 751; 78 A. 4; 81 S. C. 415; 151 Ill. App. 236. *Sufficient funds:* 26 S. C. 192; 112 P. 169; 77 A. 16; 78 A. 454.

*Mr. B. E. Nicholson,* contra, cites: *Mandamus will only lie to compel commissioners to act:* 34 S. C. 13; 30 S. C. 277; 41 S. C. 551; 51 S. C. 388; 52 S. C. 60; 31 S. C. 83; 25 Stat. 277, sec. 38. *This claim is subject to all the incidents of ordinary county claims:* Con. 1895, art. X, sec. 6; Code 1902, 755, 799, 806, 818. *No funds available:* 64 S. C. 188; 18 S. C. 257; 13 S. C. 264; 26 S. C. 192. *Presumption is board did its duty:* 45 S. C. 166.

September 18, 1912. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The judgment of this Court is that the judgment of the Circuit Court be affirmed for the reasons therein stated.

---

8317 ·

## HARTER v. BANK OF BRUNSON.

BANKS—NEGLIGENCE—PRINCIPAL AND AGENT.—A DRAFT deposited on a slip containing a provision that the bank is not to be held liable until the draft is collected, does not exempt the bank from its negligence or that of its correspondents, who are its agents, and where it forwards such draft promptly to its correspondent for collection, but hears nothing of it for several months, during which time the drawee